UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
YVELICE ALTAGRACIA G.C.,

                    Plaintiff,       <u>DECISION AND ORDER</u>
                                      1:25-CV-02921-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2019, Plaintiff Yvelice Altagracia G.C.[1] applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications, in part. Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on March 4, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 13). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further proceedings.

## I.    BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on January 23, 2019, alleging disability beginning March 15, 2018. (T at 226-35, 236-42).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on January 30, 2020, before ALJ Miriam Shire. (T at 38-61). On April 13, 2020, ALJ Shire issued a decision denying the applications for benefits. (T at 38-61).  The Appeals Council denied Plaintiff's request for review on November 12, 2020. (T at 1-8).

Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.  The matter was remanded for further proceedings by stipulation of the parties in August of 2021. (T at 2234, 2254-55).

An administrative hearing was held on March 13, 2023, before ALJ Angela Banks. (T at 2167-78).  Plaintiff appeared with an attorney and

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

testified with the assistance of an interpreter. (T at 2173-76).  Another hearing was held on February 14, 2024, before the same ALJ. (T at 2179-89).  Plaintiff appeared with an attorney. (T at 2179).  The ALJ received testimony from Yaakov Taitz, a vocational expert. (T at 2184-87).

### B.    ALJ's Decision

On February 28, 2024, ALJ Banks issued a decision denying the applications for benefits, in part. (T at 2129-2152).

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2022 (the date last insured) and had not engaged in substantial gainful activity since March 15, 2018 (the alleged onset date). (T at 2140-41).

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; partial right shoulder tear; degenerative joint disease in the left shoulder and knees; bursitis in the right hip; diabetes; anxiety; and depression were severe impairments as defined under the Act. (T at 2141).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 2141).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light

work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally balance on uneven terrain (but has no limitation balancing on even terrain); can occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs; can never climb ladders, ramps, or scaffolds; can reach overhead occasionally and can reach in all other directions frequently; can understand, remember, and carry out simple instructions; use judgment to make simple work-related decision; occasionally interact with supervisors, coworkers, and the public; and deal with occasional changes in a routine work setting. (T at 2143).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home attendant or babysitter. (T at 2149).

The ALJ noted that Plaintiff changed age categories on August 5, 2018, when she became an individual closely approaching advanced age, and again on August 4, 2023, when she became an individual of advanced age. (T at 2150).

The ALJ found that, prior to August 4, 2023, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  (T at 2150).

However, after that date, accounting for the change in Plaintiff's age category, the ALJ concluded that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 2151).

As such, the ALJ found that Plaintiff was not under a disability, as defined under the Social Security Act, prior to August 4, 2023, and was not entitled to benefits prior to that date. (T at 2151).

Because the ALJ found that Plaintiff was not disabled prior to June 30, 2022 (the date last insured), the application for disability insurance benefits was denied. (T at 2151). The ALJ granted Plaintiff's application for SSI benefits for the period beginning August 4, 2023. (T at 2151-52).

On February 19, 2025, the Appeals Council denied Plaintiff's request for review, making ALJ Banks's decision the Commissioner's final decision. (T at 2432-38).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 9, 2025. (Docket No. 1). On September 22, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 13, 14). The Commissioner on January 23, 2026, interposed a brief in opposition to the motion and requesting judgment on the pleadings. (Docket No. 20). On February 10, 2026,

Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 23).

## II.    APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.   DISCUSSION

Plaintiff raises several arguments in support of her request for reversal of the ALJ's decision.  The Court will address each argument in turn.

#### A.   Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the

9

medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

Here, the record contains multiple medical opinions regarding Plaintiff's physical and mental functioning. The Court will address those opinions, and the ALJ's analysis, in turn.

10

### 1. *Physical Functioning*

The ALJ determined that Plaintiff retained the RFC to meet the physical demands of a reduced range of light work. (T at 2143).

In making this finding, the ALJ relied principally upon the opinion of Dr. Daniel Schwartz, which the ALJ found persuasive. (T at 2148-49).

Dr. Schwartz performed a consultative examination in March of 2019. He diagnosed hypertension, diabetes, arthritis, osteoporosis, hypercholesterolemia, anxiety, depression, and history of panic attacks. (T at 920).

Dr. Schwartz opined that Plaintiff had mild to moderate limitation in lifting her right arm up and out and mild impairment with respect to sitting, standing, climbing, pushing, pulling, and carrying heavy objects. (T at 920).

Although Dr. Schwartz reviewed x-rays of Plaintiff's right shoulder and lumbar spine (which were negative) (T at 920), it appears he did not have access to Plaintiff's MRI results, which showed a herniated disc in the lumbar spine (T at 2846), as well as tears and bursitis in the right shoulder. (T at 2814, 2845).

"Courts have consistently decided that when consultative physicians fail to read a claimant's MRI results prior to formulating a medical opinion, their opinion cannot constitute substantial evidence." *Fintz v. Kijakazi*, No.

22-CV-00337(KAM), 2023 WL 2974132, at *4 (E.D.N.Y. Apr. 15, 2023); *see also Garcia v. Comm'r of Soc. Sec.*, No. 22-CV-2449 (FB), 2023 WL 4904751, at *3 (E.D.N.Y. Aug. 1, 2023).

This error is material, as Dr. Schwartz's opinion was the only opinion the ALJ found persuasive when assessing Plaintiff's physical functioning. (T at 2147-49).

In addition, the ALJ erred in discounting multiple assessments from Plaintiff's long-term treating provider.

Lucy Palomino, DNP, completed a medical source statement in July of 2019.  She noted that she had been treating Plaintiff since 2016. (T at 1579).  She opined that Plaintiff could sit for 2 hours and stand/walk for 1 hour in an 8-hour workday. (T at 1581).  Ms. Palomino reported that Plaintiff could never balance, stoop, reach, handle, or finger. (T at 1583). She opined that Plaintiff would be absent from work about twice a month due to her impairments or treatment. (T at 1584).

Ms. Palomino completed another assessment in October of 2021. She diagnosed hypertension and diabetes. (T at 2779).  She opined that Plaintiff could sit for 2 hours and stand/walk for 3 hours in an 8-hour workday. (T at 2781).  Ms. Palomino reported that Plaintiff could frequently lift up to 5 pounds, occasionally lift up to 10 pounds, never lift more than 10

pounds; could not balance or stoop; and had no limitation reaching, handling, or fingering. (T at 2782-83). She opined that Plaintiff would be absent from work about three times a month due to her impairments or treatment. (T at 2784).

Ms. Palomino provided a third opinion in September of 2022, in which she assessed essentially the same limitations as set forth in her October 2021 opinion. (T at 3693-98).

The ALJ found Ms. Palomino's assessments unpersuasive, deeming them internally inconsistent and not supported by the ALJ's lay reading of the record. (T at 2147-48).

In making this finding, the ALJ pointed to incongruities in Ms. Palomino's July 2019 opinion.  (T at 2148).

In particular, the July 2019 assessment contains the incongruous conclusion that Plaintiff can never lift 1-5 pounds but can occasionally lift 6-10 pounds and frequently lift up to 50 pounds. (T at 1582).  The July 2019 opinion also discloses that Plaintiff can "never" perform reaching, handling, and fingering (T at 1583), which is at odds with record reports showing that Plaintiff can perform a range of activities, including cooking, that involve handling and fingering. (T at 2148).

13

Although these inconsistencies are superficially perplexing, they are readily resolved in context and the ALJ erred by discounting Ms. Palomino's overall assessment of Plaintiff's physical functioning on this basis. Here's why.

First, Ms. Palomino consistently reported that Plaintiff could not meet the standing/walking demands of light work. (T at 1581, 2781, 3695). *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009) ("The full range of light work requires intermittently standing or walking for a total of approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time.").

Further, all three assessments predict a level of absenteeism arising from Plaintiff's impairments and treatment inconsistent with the ability to sustain competitive, remunerative work. (T at 1581, 2781, 3695).

Second, when considering all three assessments together, it is apparent that the inconsistencies in the first report are clerical and unintentional.

Ms. Palomino obviously did not intend to render the impossible opinion that Plaintiff could frequently lift 50 pounds but never lift 5 pounds. The assessments performed later disclose her assessment that Plaintiff

14

could frequently lift up to 5 pounds, occasionally lift up to 10 pounds, and never lift more than 10 pounds. (T at 2782, 3696).

Likewise, although the July 2019 report provides that Plaintiff can "never" perform handling or fingering (T at 1583), the later assessments show no limitation as to these tasks. (T at 2783, 3697).  This strongly suggests that when completing the first assessment, Ms. Palomino misunderstood the term "never" to mean no limitation, as opposed to complete preclusion.

Lastly, to the extent the ALJ found these inconsistencies material and not resolvable on the record, she was obliged to recontact Ms. Palomino, as Plaintiff's long-term treating provider, to seek clarification. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

A remand, therefore, is required for a proper assessment of the medical opinion evidence regarding Plaintiff's physical functioning.

### 2. Mental Functioning

The ALJ concluded that Plaintiff retained the RFC to meet the mental demands of work that required her to understand, remember, and carry out simple instructions; use judgment to make simple work-related decision; occasionally interact with supervisors, coworkers, and the public; and deal with occasional changes in a routine work setting. (T at 2143).

Dr. W. Amory Carr performed a consultative psychiatric evaluation in March of 2019.  He diagnosed unspecified anxiety disorder, rule out panic disorder, rule out unspecified psychotic disorder, and unspecified depressive disorder. (T at 927).

Dr. Carr assessed no limitation in Plaintiff's ability to understand, remember, or apply simple directions; mild limitation in understanding, remembering, or applying complex directions; mild impairment using reason and judgment to make work-related decision; moderate limitation with respect to social interaction; mild impairment in sustaining an ordinary routine and regular attendance; and moderate limitation with respect to regulating emotions, controlling behavior, and maintaining well-being. (T at 926).

In August of 2022, Evelyn Figueroa, LCSW, completed a medical source statement, in which she reported treating Plaintiff weekly for 30 minutes. (T at 3689).  She diagnosed major depressive disorder and anxiety. (T at 3689).

Ms. Figueroa opined that Plaintiff would be absent from work more than 3 times per month, had mostly moderate impairment in her ability to meet the mental demands of basic work activity, and had marked limitation with respect to carrying out detailed instructions and dealing with stress or skilled work. (T at 3691-92).  She also found that Plaintiff had moderate difficulties in social functioning and would often experience deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. (T at 3692).

The ALJ found Dr. Carr's opinion generally persuasive, did not accept Ms. Figueroa's assessment of marked limitations and predication of excessive absenteeism, and believed that the limitations incorporated into the RFC adequately accounted for the impact of Plaintiff's impairments on her mental functioning. (T at 2149).

The Court finds no reversible error as to this aspect of the ALJ's decision.  The ALJ relied on a reasonable reading of the record, which documented complaints of depression and anxiety, but generally contained

17

unremarkable mental status examinations. (T at 962, 1051, 1556, 2851, 2937, 2943, 3014, 3195, 3301, 3415, 3468, 3503-04, 3508, 3518, 3537-38, 3562-63, 3910, 3959, 3975, 3995, 4002, 4006, 4018, 4042).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked limitations, particularly where, as here, the ALJ's decision is supported by other opinion evidence of record. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Moreover, the ALJ did not dismiss the evidence of impairment in Plaintiff's mental functioning and appropriately accounted for that evidence

by limiting Plaintiff to essentially unskilled work with only occasional social interaction. (T at 2143). *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also Campos v. Saul*, No. 18CV9809 (DF), 2020 WL 1285113, at *23 (S.D.N.Y. Mar. 18, 2020); *Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *13 (D. Conn. Oct. 19, 2020).

For these reasons the Court finds no reversible error in the ALJ's assessment of Plaintiff's mental functioning.

B.    *Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and

remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, coworkers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

A "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

Here, the ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; partial right shoulder tear; degenerative joint disease in the left shoulder and knees; bursitis in the right hip; diabetes; anxiety; and depression were severe impairments. (T at 2141).

20

The ALJ recognized Plaintiff's glaucoma as a medically determinable impairment but found that it was not a severe impairment. (T at 2141). Plaintiff challenges this conclusion.

The Court finds that the ALJ's step two analysis on this issue cannot be sustained.

The ALJ found that Plaintiff's "ability to function was largely unaffected" by her visual impairment and noted that Plaintiff did not testify regarding her vision problems. (T at 2141).

Notably, however, the ALJ failed to address treatment records consistently documenting Plaintiff's complaints of vision problems, including difficulty reading and using a computer, eye strain when attempting to focus, and being outdoors. (T at 2611, 2613, 2618, 2628-29, 2633, 3721, 3729).

The ALJ also relied on her lay assessment of treatment records provided by Dr. Susan Fromer, Plaintiff's treating ophthalmologist. (T at 2141). The ALJ failed to address the fact that, in those notes, Plaintiff's Primary Open-Angle Glaucoma (POAG) was repeatedly characterized as severe, with "significant nerve damage in a relatively young patient." (T at 2611, 2613, 2623, 2633, 2627, 2629, 3717, 3720, 3722, 3724, 3727, 3730).

21

Under the circumstances, before determining that Plaintiff's visual impairment had no more than a *de minimis* impact on her functioning, the ALJ should have addressed the evidence of limitation discussed above and considered whether to develop the record by requesting a functional assessment of Plaintiff's vision from Dr. Fromer.

A remand is, therefore, required for a proper assessment of the impact of Plaintiff's visual impairment on her ability to meet the demands of basic work activity.

C.    *Other Arguments*

Plaintiff also challenges the ALJ's consideration of her subjective complaints.  The ALJ discounted Plaintiff's complaints of disabling pain and physical limitation as inconsistent with, and not supported by, the record. (T at 2144).  This conclusion is necessarily undermined by the ALJ's errors, discussed above, in addressing the medical opinion evidence, including, in particular, the assessments from Ms. Palomino, which support Plaintiff's subjective complaints.  Plaintiff's subjective complaints regarding the impact of her physical impairments will need to be revisited on remand.

Plaintiff also challenges the ALJ's step five analysis, but the Court need not address that argument, as the ALJ's errors as set forth above are

"threshold issue[s] that impact[ ] other aspects of the disability claim." *Miraglia v. Comm'r of Soc. Sec.*, No. 20-CV-1964(EK), 2022 WL 1556409, at *4 (E.D.N.Y. May 17, 2022); *see also Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

## D.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

A remand is required for the reasons outlined above.

The Court recognizes that Plaintiff applied for benefits more than seven (7) years ago and she has appeared for several hearings before multiple ALJs.

23

However, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir.1996); *see also Gross v. McMahon*, 473 F. Supp. 2d 384, 386 (W.D.N.Y. 2007); *Batista v. Comm'r of Soc. Sec.*, No. 3:19 CV 1660 (RMS), 2020 WL 6709096, at *5 (D. Conn. Nov. 16, 2020).

Moreover, "[r]emanding 'solely for the calculation of benefits is an extraordinary action and is proper only when further development of the record would serve no purpose.'" *Lynch v. O'Malley*, No. 22-CIV-5620-(CS)(AEK), 2024 WL 728483, at *7 (S.D.N.Y. Feb. 21, 2024)(quoting *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006)).

In a case where there is conflicting medical evidence, as here, a remand for calculation of benefits is not appropriate, notwithstanding the understandable frustration of the claimant (or, indeed, the court) with undue delay and/or repeated failures to follow applicable law and regulations. *See Newell v. Saul,* No. 19-cv-10831 (JLC), 2021 WL 608991, at *23 (S.D.N.Y. Feb. 7, 2021); *Lloyd v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 472, 481 (W.D.N.Y. 2018).

24

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.


Dated: March 23, 2026                    s/ Gary R. Jones

                                         GARY R. JONES
                                         United States Magistrate Judge